19-2536-cr
*U.S. v. Stokes*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of June, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,
             STEVEN J. MENASHI,
                       *Circuit Judges.*

───────────────────────────────

UNITED STATES OF AMERICA,

          *Appellee,*                         19-2536-cr

          v.

ANTHONY STOKES,

          *Defendant-Appellant.*

          .

───────────────────────────────

**FOR APPELLEE:**                    Michael Bushwack and Samuel P. Nitze, Assistant United States Attorneys for the Eastern District of New York, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

1

**FOR DEFENDANT-APPELLANT:**  Colleen Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Anthony Stokes ("Stokes") appeals from an August 2, 2019 judgment of conviction entered following a guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Stokes principally to sixty months' imprisonment, an upward variance from his recommended Guidelines range of 37-46 months, and a three-year term of supervised release. Stokes challenges the substantive and procedural reasonableness of his sentence on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

We review claims of substantive and procedural error in sentencing "under a deferential abuse-of-discretion standard."[1] *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

"A district court commits procedural error where it fails to calculate the Guidelines range . . ., makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Cavera*, 550 F.3d at 190. We have further remarked that a sentencing court errs procedurally "if it does not consider the § 3553(a) factors[] or rests its sentence on a clearly erroneous finding of fact." *Id.* Finally, and particularly relevant to Stokes's arguments on appeal, "a district court errs if it fails adequately to explain its chosen sentence" and fails to "include an explanation for any deviation from the Guidelines range." *Id.* (internal quotation marks omitted). The level of explanation required may vary depending on the case; ultimately, however, the sentencing record must allow the reviewing court to conclude the sentence resulted from the sentencing court's "reasoned exercise of discretion." *Id.* at 194.

---

[1] The parties dispute whether Stokes's sentencing challenges are subject to plain error review. We need not decide that issue as we conclude that Stokes's sentence reflects neither substantive nor procedural error, plain or otherwise.

When we are satisfied that there is no procedural error, we conduct a review of substantive reasonableness. In doing so, we give "due deference to the sentencing judge's exercise of discretion and bear[] in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. "[W]e do not consider what weight we would ourselves have given a particular [sentencing] factor," *id.* at 191, and we will disturb the sentencing court's considered judgment "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *id.* at 189 (internal quotation marks omitted). Stated differently, we ask if the sentence imposed would "damage the administration of justice because [it] was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

B.

We begin with an examination of procedural reasonableness. Stokes primarily argues that the District Court erred because it (a) based its variance on facts and circumstances that were already reflected—via various Guideline enhancements—in the calculated Guidelines range; and (b) that the sentence violated § 3553(a)'s "parsimony clause" because the facts and circumstances the court relied on did not justify the variance, especially where the Government and Stokes agreed at sentencing that a sentence within the Guidelines range was appropriate. We identify no error in the sentence imposed.

The District Court at sentencing carefully explained its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) before imposing a sentence. Appendix ("A.") at 96–102. It was required to, and did, "conduct its own independent review of the sentencing factors" after calculating and considering the applicable Guidelines range and the arguments of the parties. *Cavera*, 550 F.3d at 189. In so doing, it expressly stated multiple reasons for why a variance sentence was warranted in this case. The District Court, for instance, pointed to multiple prior convictions for violent offenses, which were not counted in the Guidelines calculation and not reflected in the recommended range. Indeed, the U.S. Probation Office informed the District Court that Stokes's calculated criminal history was "understated" where these prior convictions were not counted, and, accordingly, it suggested the court impose a sentence at the top of the Guidelines range. After noting that the sentence imposed must be no greater than necessary to accomplish the goals of sentencing, the District Court made a reasoned determination that a variance was warranted in furtherance of, among other considered factors, the court's primary concern of protecting the public. A. at 101.

C.

We next address Stokes's argument that his sentence was substantively unreasonable. For largely the reasons provided in the preceding section, we identify no substantive error in Stokes's sentence. The District Court carefully and expressly analyzed the relevant sentencing factors in support of its imposition of a sentence fourteen months above the applicable Guidelines range. We

3

"will not substitute our own judgment for the district court's," *Cavera*, 550 F.3d at 189, and "we do not consider what weight we would ourselves have given a particular factor", *id.* at 191. Upon review of the record, we cannot conclude that the sentence imposed is "shockingly high" or "otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

## CONCLUSION

We have reviewed all the arguments raised by Stokes on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 2, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk